USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephanie Hammonds,

                 Plaintiff,

-against-

Burlington Coat Factory Warehouse Corporation,

                 Defendant.

1:21-cv-08349 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Stephanie Hammonds ("Plaintiff" or "Hammonds") for partial summary judgment on the issue of liability. (Pl.'s 10/31/23 Not. of Mot., ECF No. 33; Pl.'s 10/31/23 Mem., ECF No. 33-3, at 9.) For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND

This diversity case is a quintessential "trip and fall" case. Hammonds alleges that she was injured when she tripped on the leg of a clothing rack (also referred to as a "Lozier," "Gondola" and "Gandola") and, as a result, fell to the floor at a store owned by Defendant Burlington Coat Factory Warehouse Corporation ("Defendant" or "Burlington"). (*See* Pl.'s 10/31/23 Mem. at 1.)

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). A dispute concerning a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248).

"[A]t the summary judgment stage, the district court is not permitted to make credibility determinations or weigh the evidence . . .." *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021). It must "consider the record in the light most favorable to the non-movant" and "resolve all ambiguities and draw all factual inferences in favor of the non-movant if there is a genuine dispute as to those facts." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021) (internal quotation marks and citation omitted). "[T]he district court may not properly consider the record in piecemeal fashion; rather, it must 'review all of the evidence in the record.'" *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000)).

**II.   Neglience/Premises Liability Under New York Law**

"To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985) (citations omitted); *see also Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020) ("To establish liability [for negligence] under New York law, a plaintiff must prove (1) that the defendant owed her a duty;

(2) that the defendant breached that duty; and (3) that she suffered injuries proximately resulting from that breach." (citing *Solomon*, 66 N.Y.2d at 1027)).

"New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition." *Tagle v. Jakob*, 97 N.Y.2d 165, 168 (2001). "Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society generally." *Id*. "The scope of any such duty of care varies with the foreseeability of the possible harm." *Id*.

"A landowner's responsibility has limits, and a landowner 'has no duty to warn of an open and obvious danger.'" *Williams v. CVS Albany, LLC*, No. 20-CV-03741 (VMS), 2022 WL 4111026, at *2 (E.D.N.Y. Sept. 8, 2022) (quoting *Tagle*, 97 N.Y.2d at 169); *see also Bennett v. Target Corp.*, No. 16-CV-05816 (ADS) (SIL), 2019 WL 7556361, at *8 (E.D.N.Y. Jan. 2, 2019) ("duty extends only to conditions that are not readily observable") (quoting *Saltz v. Wal-Mart Stores, Inc.*, 510 F. App'x 68, 69 (2d Cir. 2013)). "[T]he issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question." *Tagle*, 97 N.Y.2d at 169; *see also Delaney v. Town Sports Int'l*, 88 A.D.3d 635, 636 (2d Dep't 2011) ("Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case and is generally a question of fact for the jury." (citing *Perez v. 655 Montauk, LLC*, 81 A.D.3d 619, 619 (2d Dep't 2011)).

To demonstrate breach in a trip-and-fall case, "a plaintiff must establish that a dangerous condition existed, and that the defendant either (1) had knowledge, constructive or actual, that the dangerous condition existed, or (2) created the condition by its own affirmative

act." *Williams*, 2022 WL 4111026, at *2 (setting forth standard in analgous slip-and-fall context) (citing *Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006); *Mercer v. City of New York*, 223 A.D.2d 688, 689 (2d Dep't 1996)).

## DISCUSSION

Plainitff moves for partial summary judgment on the issue of liability. However, because Plaintiff fails to show the absence of a genuine issue of material fact as to each of the elements of her claim—let alone address in her memoranda in support of the motion each of the elements of her claim—her motion must be denied. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004) ("[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." (emphasis & citation omitted)).

By way of example, there is an issue of fact as to whether Defendant owed a duty to Plaintiff. (*See* Def.'s Opp. Mem., ECF No. 38, at 15-19.) Based upon the record before the Court, including the Court's own review of the video of the incident, there is a question for the jury as to whether the condition of the leg of the clothing rack on which Plaintiff fell was "readily observable." *See Bennett*, 2019 WL 7556361, at *8. In addition, even assuming *arguendo*, that Defendant owed a duty to Plaintiff, a jury must determine "whether and to what extent [the] duty was breached." *See Tagle*, 97 N.Y.2d at 168.

Notwithstanding Plaintiff's arguments to the contrary (*see* Pl.'s Reply, ECF No. 41, at PDF pp. 2-3), there also is an issue of fact as to whether Defendant had knowledge of or created the allegedly defective condition prior to Plaintiff's accident. Drawing all inferences in favor of

Defendant, as the Court is required to do in the context of the instant motion, Defendant's witness, Mr. Khoury, did not testify that the clothing rack should have been changed prior to Plaintiff's accident, but testified that the rack should have been changed because Plaintiff tripped. (*Compare* Pl.'s 56.1 Stmt., ECF No. 33-2, ¶ 41 *with* Def.'s 56.1 Response, ECF No. 39, ¶ 41.)

Due to the genuine issues of material fact that exist, Plaintiff's motion for partial summary judgment must be denied. *See Puello v. Jetro Cash & Carry Enterprises, LLC*, No. 18-CV-01645 (LGS), 2020 WL 564573, at *4 (S.D.N.Y. Feb. 5, 2020) (summary judgment denied where "there [was] a dispute of fact as to the conditions in the store when the incident occurred"); *Montalbano v. Wal-Mart Assocs., Inc.*, No. 19-CV-06584 (ARR) (RER), 2021 WL 200565, at *3 (E.D.N.Y. Jan. 20, 2021) (summary judgment denied where there was "a dispute as to whether the [merchandise display] was in fact open, obvious, and not inherently dangerous").[1]

## CONCLUSION

By reason of the foregoing, Plaintiff's motion for partial summary judgment is DENIED. The parties shall meet and confer and file a joint letter no later than January 15, 2024, setting forth dates in during the period March through June 2024 when the parties and their witnesses are *not* available for trial. The Court thereafter will set a schedule for trial and pretrial submissions.[2]

---

[1] Because the Court is denying Plaintiff's motion, the Court need not decide whether Plaintiff's motion was untimely, as Defendant contends. (*See* Def.'s Opp. Mem. at 5 n.2.)

[2] The Court separately shall decide Defendant's motion to preclude (Def.'s 11/30/23 Not. of Mot., ECF No. 34) prior to trial.

**SO ORDERED.**

Dated: New York, New York
December 28, 2023

_____
STEWART D. AARON
United States Magistrate Judge