```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephanie Hammonds,

                Plaintiff,

-against-

Burlington Coat Factory Warehouse Corporation,

                Defendant.

1:21-cv-08349 (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Before the Court is a Letter Motion by Plaintiff to preclude Defendant's supplemental disclosure of Plaintiff's social media posts as "untimely, immaterial and irrelevant." (Pl.'s 1/31/2024 Letter Motion, ECF No. 55, at 1.) Plaintiff's request is DENIED. To start, the Court notes that Plaintiff does not cite any law in support of its request to "preclude this exchange." (*Id*. at 1.) Even if the Court were to generously construe Plaintiff's Letter Motion as a motion under Federal Rule of Civil Procedure 37(c), Plaintiff has not met her burden to show that Defendant "failed [to] timely [ ] disclose information required by Rule 26." *Feltenstein v. City of New Rochelle*, No. 14-CV-05434 (NSR), 2018 WL 3752874, at *6 (S.D.N.Y. Aug. 8, 2018).[1] For example, if Defendant intends to use the documents "solely for impeachment[,]" disclosure is not required under the Rule. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

      In any event, even if disclosure of these documents was required under Rule 26, any untimely disclosure by Defendant is harmless because there is no prejudice to Plaintiff. *See* Fed.

---

[1] Moreover, the "imposition of sanctions is within the district court's discretion, and preclusion of evidence pursuant to Rule 37(c)(1) remains a drastic remedy and should be exercised with discretion and caution." *Id*.

R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Feltenstein*, 2018 WL 3752874, at *6 ("A violation of the Federal Rule's disclosure obligations is harmless within the meaning of Rule 37(c) when there is no prejudice to the party entitled to the disclosure.") (internal quotation marks omitted). The documents at issue are Plaintiff's own social media posts and she had identified no prejudice from Defendant's disclosure several months prior to trial. To the extent Plaintiff argues that the social media posts are immaterial and irrelevant, Plaintiff may raise any challenge to admissibility at the appropriate time.

**SO ORDERED.**

Dated:   New York, New York
         February 1, 2024

_____
STEWART D. AARON
United States Magistrate Judge